## WILLIAM J. POITEVENT *v.* BOARD OF SUPERVISORS OF HANCOCK COUNTY.

DEED. *Conveying land for county purposes. Removal of county-town. Effect.*
F. conveyed a certain tract of land to the county of H., "to have and to hold forever, for county purposes;" and the county erected thereon a court-house and jail. Subsequently, the county-town was removed to another site. Thereupon F. deeded the land to P., who took possession thereof. In an action of ejectment by the Board of Supervisors of the county against contended that the conveyance to the county was upon the condition of the continued use of the land for county purposes, and that the removal of the county-town, *ipso facto*, determined the county's title. *Held*, that, there being nothing in the deed to the county from which it can be inferred that it was the intention of the grantor, or of the county authorities, to devote the land to any special county purpose, it may be, consistently with the terms of the deed, devoted as well to one county purpose as to another; and the mere removal of the county-town was no evidence of an intention on the part of the county authorities to abandon the property, or to devote it to any other than county purposes.

APPEAL from the Circuit Court of Hancock County.
Hon. J. S. HAMM, Judge.

From a judgment in ejectment in favor of the plaintiff therein, the Board of Supervisors of Hancock County, the defendant, William J. Poitevent, took an appeal. The other facts of the case presented by the record are stated in the opinion of the court.

*W. P. & J. B. Harris,* for the appellant.

The law only empowers a Board of Supervisors to hold so much land for the use of the county as may be convenient and necessary for the building and use of a court-house and jail, and requires that such land shall be at the place where the courts are required to sit. Code 1880, sect. 2148; Code 1871, sect. 1367.

The removal of the county-site destroyed the whole inducement which led Frazer to donate the land; and that would have worked a reversion to him, even if the law did not expressly declare that the Board of Supervisors could no longer hold the land. *Kilpatrick* v. *Graves,* 51 Miss. 432.

*T. C. Catchings,* Attorney-General, for the appellee.

The Board of Police of Hancock County, by the act of 1822 (Hutch. Code, 708), were authorized to purchase or to accept as a gift, for the use of the county, so much ground, where the courts were ordered to sit, as they might judge convenient and necessary, whereon to build a court-house and other buildings of a public character. By that act their sole authority was to acquire title in fee-simple, and they could not acquire an estate liable to be defeated by subsequent conditions.

There is nothing in the deed to justify the construction that the sole inducement was that the land conveyed should be used only for public buildings.

COOPER, J., delivered the opinion of the court.

In 1853, one Frazer conveyed the *locus in quo* to the county of Hancock, in consideration, as is recited in the deed, of the sum of $5 paid to him by the president of the Board of Police of said county. On the land so conveyed the county erected

the court-house and jail of said county.  In 1868, the county-site was removed to the town of Bay St. Louis.  In 1870, Frazer conveyed the land to appellant, who then went into possession thereof.  This suit was instituted in 1874.

There is no evidence in the record showing that Frazer was in possession of the property after the removal of the county-site.

The deed from Frazer to the county conveys the land to the county, *habendum:* to have and to hold forever, for county purposes.

It is contended by appellant that the conveyance was conditional upon the continual use of the property for county purposes, and that the removal of the county-site, *ipso facto*, determined the county's title.  There is nothing in the deed from which it can be inferred that it was the intention of the grantor, or of the county authorities, to devote the property to any special county use ; and by the terms of the conveyance it might be devoted as well to one county purpose as another. We do not think that the mere removal of the county-site was evidence of an intention on the part of the county authorities either to abandon the property or to devote it to any other than county purposes.  So far as the record shows, it may be, and in the absence of proof to the contrary we must presume it to be, the purpose of the Board of Supervisors to use the same in such manner and for such purposes as will preserve it to the county.  The mere fact that the county-site has been removed to another place did not have the effect of divesting title.  The most that can be said is, that it might have been such evidence of abandonment as to have authorized the grantor to enter for breach of the condition on which the county held title, if the deed had been so worded as to devote it exclusively to use for a court-house.

We are therefore of opinion that the judgment is correct, and it is affirmed.