AUSTIN MILLER ET AL. *v.* BOARD OF SUPERVISORS OF TUNICA COUNTY.

1. DEED. *Discrepancy between preamble and granting clause. Latter prevails.*
   Where there is a discrepancy between the recitals in the preamble and the granting clause of a deed, the latter, being clear and unambiguous, must prevail.

2. SAME. *Interpretation. Case in judgment.*
   Where the preamble in a deed recites that the grantor has donated for a county site lot 10, upon which the court-house is situated, and that he has conveyed to others the adjoining lots, leaving in himself the title to said lot 10, and the public square, the granting clause being, "in consideration of $1, I do sell and convey to the president of the board of police for the use of the county of Tunica, and town of Austin, said public square, also said lot 10 upon which the court-house is situated, the recitals in the preamble are merely expressive of the motive inducing the execution of the deed and do not create a condition that the lot shall be used as a county site.

3. SAME. *Removal of county site. Not sufficient evidence of abandonment.*
   The lot being conveyed "for the use of the county," the removal of the court-house to another site does not affect the title. The mere removal of the court-house is not evidence of an intention to abandon the lot, or to use it for other than county and town purposes. *Poitevent* v. *Hancock County,* 58 Miss. 810, cited.

FROM the chancery court of Tunica county.
HON. W. R. TRIGG, Chancellor.
The opinion states the case.

*Arthur S. Buchanan*, for appellants.

We contend that the only proper construction of the deed is that it conveys the land for the use of a county site only. This appears from the preamble, which recites a donation for the purpose stated, and the other part of the deed relates back to it. See *Daniels v. Jackoway*, Freeman's Ch. R. 59. The cases are very similar. The learned chancellor in that case says the granting words of the deed are *in præsenti*, and the title passed, *subject to the purpose expressed on the face of the deed.* He also says that the abandonment of the land as a county site caused a reverter to the original owner. See also *Police* v. *Reeves*, 18 Martin (La.), 221. These two cases are cited and approved in *Kilpatrick* v. *Graves*, 51 Miss. 432, which was followed in *Poitevent* v. *Hancock County*, 58 Id. 810. This last case is distinguishable from the one at bar, in that the conveyance therein was for county purposes generally, and there was no indication there as here of a purpose to donate the land for a special purpose.

The disfavor with which forfeitures are regarded as between private individuals who are often unlearned in the law, will not have place here. This was a public grant. Austin Miller, out of his bounty, aided the county in its infancy by donating the land for a county site. Now that the county has abandoned it, justice requires that it should revert to his heirs.

*F. A. Montgomery, Jr.*, for appellee.

This case is not like that of *Daniels* v. *Jackoway*, Freeman's Ch. R. 59, relied on by opposite counsel; and, besides, that case does not correctly announce the law. The deed in question conveys the land for county purposes, but there is no restriction that it shall be used only as a county site. The preamble declares that the purpose of the grantor was to give a county site, but the deed itself does not limit the use of the land. See *Poitevent* v. *Hancock County*, 58 Miss. 810; *Kilpatrick* v. *Graves*, 51 Ib. 432.

A condition subsequent must be plainly stated in order to cause a reverter. *Sohier* v. *Church*, 109 Mass. 1; 14 Allen (Mass.), 67, 125; 57 Am. R. 59; 34 Minn. 331; 11 Ill. 336; 13 Ib. 456; 56 Ib. 119; 9 Watts (Pa.), 15.

The case of *Police* v. *Reeves*, 18 Martin, 221, cited by opposite counsel, is decided upon a statute of Louisiana.

WOODS, C. J., delivered the opinion of the court.

The appellants exhibited their bill in the chancery court of Tunica county, praying the cancellation of the deed made by their ancestor, one Austin Miller, to the board of police of said county, whereby he conveyed the public square and lot 10, in the plot of the town of Austin, the then county-seat of said county, alleging that the estate of the county in said property had been determined by the abandonment thereof by the county authorities for the uses and purposes for which it was specifically granted, and by the removal of the county-site to another town in the county.

The board of supervisors interposed a demurrer to the bill, which was, by the chancellor, sustained, and appellants' counsel declining to amend, the bill was dismissed, and from this action of the court below an appeal was taken.

Whether the estate granted is a defeasible one, and whether, if so, the complainants are entitled to the relief prayed for because of condition broken, are questions determinable by reference to the deed of the ancestor.

In a preamble to the deed of conveyance, the ancestor of complainants, the original grantor, recites that he had theretofore " donated to the county of Tunica a certain piece of ground in Sec. 15, T. 5, R. 12, for a county site, upon which the court-house at Austin is situated, and having made titles to the several purchasers to all the lots sold and there yet remaining in me the title in the public square and lot No. 10 on which the court [*sic*] is situated, on west side of the public square," and then proceeds : " Now, know ye, that for the consideration of the sum of one dollar, the receipt of which is hereby acknowledged, do bargain, sell and convey to James Irwin, president of the board of police for the county of Tunica, and his successors in office, for the use of the county of Tunica and town of Austin, the following piece of land, to wit : [describing the public square in the town of Austin], also said lot number 10, on which the court-house is situated."

It is inferable from the recitals of the preamble to the deed that it was the original purpose of the grantor to convey the parcels of land for a specific purpose, and to impose that as a limitation upon the grant. It is clear that such was the antecedent purpose; but in the operative part of the deed itself, when the maker actually makes the grant, no such limitation for a specific purpose is found. The conveyance, in its operative part, is declared to be "for the use of the county of Tunica and town of Austin." Take it most favorably to the complainants, and we have the recitals of the preamble not in agreement with the granting clauses in the body of the deed. The recitals declare that the former donation was for a county-site: the operative part of the deed itself conveys the property for the use of the county of Tunica and the town of Austin. Which shall prevail in the construction of the deed—the recitals or the operative clauses? Shall the merely prefatory recitals, made by way of inducement, be blindly followed, even to the extent of defeating the clear and definite purpose disclosed in the operative part of the deed itself? We think not. The rule is said to be this, viz: "Where there is a discrepancy between the recitals and the operative part of a deed, the operative part, if clear and unambiguous, must be followed." Elph. Interpretation, 129.

Furthermore, there being no pretense that there was ever any other deed made by the original grantor than the one now under consideration, this recital in the preamble may very properly be held to be merely an expression of the grantor's motive for making the deed to the president of the board of police "for the use of the county of Tunica and town of Austin." We must infer from the record before us that there had been a parol gift some time prior to the execution of the deed we are construing; and that there had been a sale by the grantor in this deed of all the town lots in the plot of Austin to the various citizens of that place and others, except the public square and lot 10, on which the county had erected its court-house; and that now the grantor recites these facts as showing his motive in making the deed in hand. Regarded in this aspect, the recitals of the preamble are merely the expression of the motive inducing the execution of the deed, and do not create a condition,

and therefore cannot control the granting clauses of the deed. Devlin on Deeds, § 838.

Having conveyed the land to the board of police " for the use of the county of Tunica and town of Austin," the fact of the removal of the court-house to a new site elsewhere no way affects the title vested in the board of supervisors, nor the right of the county of Tunica and the town of Austin to continue to use the property for any legitimate purpose.   The mere removal of the county-site is not sufficient evidence of an intention of the county of Tunica and the town of Austin to abandon the property, or to devote it to any other than county and town purposes, as was said in *Poitevent* v. *Hancock County*, 58 Miss. 810.

We see no error in the action of the court below, and its decree is, accordingly,

*Affirmed.*