RUEL W. CARTER *vs.* EDWARD H. GOFF.

Suffolk. Nov. 11, 1885. — Feb. 24, 1886. DEVENS & GARDNER, JJ., absent.

Where the whole evidence in an action goes to negative a fact relied on, and there is no ground for anything more than a mere surmise of the existence of such fact, it is proper to instruct the jury that there is no evidence legally sufficient to establish the issue.

In an action on a promissory note signed by one H. and indorsed by the defendant, the issue was whether the defendant indorsed the note for the accommodation of the plaintiff, it not being disputed that he did so for H. There was evidence that H. owed the plaintiff, who was financially embarrassed, and the plaintiff desired H. to pay the debt or procure a note which he could get discounted, and suggested that H. should get the defendant to indorse the note, he having had a note of the defendant before. *Held*, that there was no evidence that H. was acting as the plaintiff's agent in procuring the note, so as to render admissible the testimony of the defendant as to what H. said when he procured him to indorse the note.

CONTRACT upon a promissory note for $200, dated June 10, 1884, payable three months after date to the order of the plaintiff, signed by Cyrus S. Haldeman, and indorsed by the defendant. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The defendant put his name upon the back of the note before it was delivered to the plaintiff. The evidence tended to show that the defendant received no consideration or advantage for his indorsement; and it was not disputed that it was an accommodation indorsement, so far as Haldeman was concerned. The only question at the trial was whether the defendant's indorsement was for the accommodation of Haldeman alone, or for the accommodation of both Haldeman and the plaintiff. Upon this question, the defendant desired to go to the jury, contending that Haldeman was the agent of the plaintiff to procure the defendant's indorsement.

The plaintiff testified, that, at the time the note was given by Haldeman and indorsed by the defendant, he, the plaintiff, was financially embarrassed, and in a failing condition; that shortly afterwards he did fail, and was, at the time of the trial, effecting a compromise with his creditors; and that, at the time the note was given and indorsed, he was exceedingly anxious to obtain money or negotiable paper, which he could use by way of discount and with his creditors, in order to "tide over" his embarrassment and to save his business from failure. It appeared that Haldeman was, at the time, indebted to the plaintiff for board in a sum equal to or greater than the amount of the note in question; and that the plaintiff was endeavoring to collect the debt which Haldeman said he had not the money to pay.

The plaintiff further testified as follows: "Haldeman wanted me to take his note for the payment of his bill. I said I could not use it, but if he could get a good indorser, I could use it as money to pay my bills with. I said to him that I could use Goff's note, knowing that he had had some business transactions with Goff. I had had one of his notes, and knew that Haldeman was in some way connected with him. So he got Goff's indorsement, and I used the note, or he came back with the note indorsed by Goff."

Haldeman was called as a witness by the defendant, and testified to his conversation with the plaintiff substantially to the effect, that the plaintiff pressed him for payment of his bill, and that Haldeman's note with the defendant's indorsement was suggested; that the plaintiff told him that he, the plaintiff, could not use his, Haldeman's, note, but could use it if a good

indorsement was procured; and that he saw the defendant in reference to his indorsement, and procured it for his, Haldeman's, accommodation, and not for the plaintiff's accommodation. The plaintiff gave Haldeman credit for the amount of the note in suit. It also appeared that Haldeman was, at the time of the trial, still boarding at the plaintiff's hotel, and was still indebted to the plaintiff. It did not appear that the plaintiff was informed of the nature of the conversation between Haldeman and the defendant.

The defendant was then called to testify to the conversation which took place between him and Haldeman at the time his indorsement was procured, and in pursuance of which conversation he claimed to have indorsed the note for the accommodation of both Haldeman and the plaintiff; but the judge excluded the evidence, upon the ground that it did not appear that Haldeman was in any sense the agent of the plaintiff to procure the defendant's indorsement upon the note. The defendant's counsel then asked the judge if he ruled that there was no evidence of agency for the jury, to which the judge answered affirmatively.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. W. Burdett*, for the defendant.

*S. W. Clifford, Jr.*, for the plaintiff.

C. ALLEN, J. The point on which the defendant relied was, that Haldeman was acting as the agent of the plaintiff in procuring the defendant's name upon the note for the plaintiff's accommodation. There was no evidence to show such agency. The plaintiff was seeking to collect his debts, in money or in notes which he could use. But there was nothing to show that he was seeking to obtain anybody's name upon paper for his own accommodation, or that his relations with the defendant were such as to make it probable that he would seek such accommodation from the defendant. The mere fact that he had had one of the defendant's notes before does not raise any such inference. So far as appears, this may have been received from Haldeman in payment of a debt. Where the whole evidence goes to negative a fact relied on, and there is no ground for anything more than a mere surmise of the existence of such fact, it is proper to instruct the jury that there is no evidence legally sufficient to

establish the issue. *Chase* v. *Breed*, 5 Gray, 440. *Fay* v. *Alliance Ins. Co.* 16 Gray, 455, 461. *Denny* v. *Williams*, 5 Allen, 1. *Commonwealth* v. *Fitchburg Railroad*, 10 Allen, 189. *Brightman* v. *Eddy*, 97 Mass. 478, 481.                    *Exceptions overruled.*