THOMAS MORAN *vs.* LAURA E. SOMES.

Middlesex.    March 9, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Divorce — Alimony — Tenancy by the Curtesy — Trust — Cloud upon Title.*

A husband obtained in another State a legal and absolute divorce from his wife, who resided and was the owner of land in this State, for a cause other than adultery. Before he had instituted proceedings for alimony here, or sought to secure the same by attachment or otherwise, she conveyed such land to a third person. *Held*, that such former husband had no right or interest as tenant by the curtesy initiate in the land, nor any interest therein depending on any possible claim for alimony.

The owner of four undivided fifths of a parcel of land, one fifth by inheritance and the other three fifths by purchase by separate conveyances from his three brothers, conveyed "all his right, title, and interest in and to" such parcel, "my interest in such estate being three undivided fifths of the same," and referred to two only of the three conveyances. The grantee conveyed the land to the grantor's wife, who conveyed them to a *bona fide* purchaser for value. Thereafter the original grantor claimed an undivided fifth in the parcel, and notified such purchaser that the conveyance was on a trust for the benefit of his children; but this was not declared in writing. *Held*, that such grantor had conveyed all his interest in the land, and that the notice did not in any way affect or cloud such purchaser's title.

CONTRACT, for breach of warranty in a deed of land given by the defendant to the plaintiff. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed facts, in substance as follows.

On May 23, 1862, Samuel M. Somes, then the husband of the defendant, was the owner of four undivided fifths of a parcel of land, one fifth by inheritance from his mother, and the three

remaining fifths by purchase from his three brothers, Francis L., Hiram S., and George. On that day he executed a deed to one Rand, whereby he conveyed " unto the said Rand, and his heirs and assigns, all my right, title, and interest in and to " such parcel, " being the same estate described in a deed from Francis L. Somes to me, . . . and a deed from Hiram S. Somes to me, . . . my interest in said estate being three undivided fifths of the same." Rand immediately conveyed to the defendant his " right, title, and interest " in and to said parcel, " being the same estate conveyed to me by Samuel M. Somes by deed of even date herewith." Subsequently, the defendant acquired the outstanding undivided fifth by a sufficient conveyance, and Samuel M. Somes obtained a legal and absolute divorce from the defendant in the State of Missouri, on his own petition, for a cause other than adultery. Afterwards, on May 21, 1890, the defendant agreed to convey this parcel to the plaintiff forthwith, and on the same day executed and delivered to him a warranty deed of the same, in due form, as free from all incumbrances. Subsequent to that date Samuel M. Somes notified the plaintiff in writing that he still owned an undivided fifth in such parcel, and by his deed to Rand he intended to convey three undivided fifths only ; and that it was understood between himself and the defendant that the interest so conveyed by him was to be held in trust by her for the benefit of their three children. The plaintiff, however, was ignorant of the existence of Samuel M. Somes, and of his claim, as well as of any trust in the parcel, no record of which appeared anywhere in writing.

The plaintiff contended that, when the defendant executed her deed to him, she owned only four undivided fifths thereof, and that this was all that she could convey; and that Samuel M. Somes still had his right and interest by the curtesy and alimony in such parcel, both of which were incumbrances upon the land.

If the defendant had conveyed the entire interest of Samuel M. Somes in the parcel, if the latter had no right by the curtesy or otherwise in such parcel, and if his notice to the plaintiff did not in any way affect the plaintiff's title, even if his statement therein was true, judgment was to be entered for the defendant; otherwise, damages were to be assessed to the plaintiff.

*J. P. Lyons*, for the plaintiff.

*J. J. Sullivan*, for the defendant.

MORTON, J.   1. The agreed facts state that, prior to the making of the deed from the defendant to the plaintiff, the husband of the defendant had obtained in Missouri a legal and absolute divorce from her for a cause other than adultery.   Under the statutes of this State, the defendant therefore became entitled to the immediate possession of all her real estate, in like manner as if her husband were dead; in which event he could not, of course, have any claim upon it.   The former husband of the defendant has therefore no right or interest as tenant by the curtesy initiate in said land.   Pub. Sts. c. 146, § 24.   *Dunham* v. *Dunham*, 128 Mass. 34.

2. Even if the divorce obtained by the defendant's former husband in Missouri could be made the ground of an application by him for alimony in this State from the defendant, (which we do not intimate,) the only way in which he could obtain a lien upon the property of the defendant to recover the payment of any sum that might be awarded him would be by attachment or other suitable process.   Not only was there nothing of the kind when the conveyance was made, but no proceedings had been commenced by the former husband.   He has no interest in said lot, therefore, depending on any possible claim which he had or might make or have against the defendant for alimony.

3. No trust in lands in this State, except such as may arise or result by implication of law, can be created or declared, unless by an instrument in writing signed by the party or his attorney creating or declaring the trust.   Pub. Sts. c. 141, § 1.   The trust set up by the former husband of the defendant in regard to said land is, therefore, invalid, and cannot be enforced, even if the facts concerning the same be as he alleges.   *Campbell* v. *Brown*, 129 Mass. 23.

4. We think the deed from Somes to Rand must be held to convey all the interest which the grantor had, at the time of its execution and delivery, in the tract described in it.   It must be taken most strongly against the grantor, and the words " all my right, title, and interest " are not to be cut down by the subsequent reference to the two deeds, and the statement that his

interest in the estate is three undivided fifths, which may well have arisen from forgetfulness, and was evidently a mistake. *Worthington* v. *Hylyer,* 4 Mass. 196.    *Bott* v. *Burnell,* 11 Mass. 163.    *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15.    *Hastings* v. *Hastings,* 110 Mass. 280.    Moreover, the statement that his interest is three fifths purports to be made as a statement of all his interest, and there are no words which indicate *per se* any intention to convey less than his whole interest.    The references to the two deeds are evidently made for the purpose of describing the property, and not the amount of interest or the quantity of the estate conveyed.

We do not think that the notice given by Somes to the plaintiff in any way affects, or impairs, or clouds the plaintiff's title, and according to the terms of the report the entry must be,

*Judgment for the defendant.*