CHARLES H. ELDRED & another *vs.* JOHN W. DAVIS
& others.

Suffolk.    January 14, 1902. — May 23, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Deed*, Construction.

At the time of his death W. owned an undivided half of certain land in Falmouth,
the other undivided half being owned by L., one of his sons. The heirs at law of
W. and the devisees under the will of another of his sons, each executed a deed
conveying to L. " All my right, title, and interest to certain real estate situate in
Falmouth aforesaid, as contained in the last will and testament of W., late of
Falmouth, made and signed the 18th day of November, 1859; it being the eighth
and last item of that will, which reads as follows : ' 8th. I give and bequeath to
my son L. the use, income, and improvement of all my real estate during his
natural life, and at his decease, to my children and to the issue of any deceased
child.' " *Held*, that all the interest which the grantors had in the land passed by
these deeds, whether acquired by inheritance from W. or as devisees under his
will or under the will of his deceased son.

PETITION, filed August 27, 1901, for registration of title to
certain land in Falmouth.

At the hearing in the Court of Registration before *Davis*, J.,
it appeared, that the petitioners claimed under Lorenzo Eldred
who died on October 18, 1888, devising to them all his real es-
tate, and under a deed procured by the petitioners from Mary
A. Eldred and Jennie L. Minor, respectively the widow and so
called adopted daughter of Frederick A. Eldred, brother of
Lorenzo. Both Lorenzo and Frederick were the sons of William
Eldred.

One undivided half of the title to the premises claimed by
the petitioners was, at the time of his death, in William Eldred,
who died at Falmouth, testate, between November, 1859, and
March, 1860, leaving as his heirs at law four sons, one daughter,
and the children of a deceased daughter. The title to the other
undivided half was, at the time of William's death, in his son,
Lorenzo.

After the death of Frederick, Lorenzo procured deeds to him-
self from all the living heirs of his father William. These deeds

were all in the same form of limited warranty, and the description in each was as follows: " All my right, title, and interest to certain real estate situate in Falmouth aforesaid, as contained in the last will and testament of William Eldred, late of Falmouth, made and signed the 18th day of November, 1859; it being the eighth and last item of that will, which reads as follows: ' 8th. I give and bequeath to my son Lorenzo Eldred the use, income, and improvement of all my real estate during his natural life, and at his decease, to my children and to the issue of any deceased child.' " The clause was correctly quoted from the will.

Frederick died on March 14, 1874, testate, leaving a widow, Mary A. Eldred, and a so called adopted daughter, Jennie L. Minor, who were named as devisees in his will, proved at Worcester on April 7, 1874.

On July 3, 1893, the petitioners procured from Mary A. Eldred and Jennie L. Minor a deed in which exactly the same description was used as in the above-mentioned deeds to Lorenzo, there being added at the end of the description, following the quotation from the will of William Eldred, "Our interest, if any, being derived from the will of Frederick A. Eldred, late of Worcester, Mass., intending hereby to release all our interest in any real estate in said Falmouth in which said William Eldred had any interest at the time of his death."

On November 12, 1897, the petitioners procured a further deed from Mary A. Eldred, executrix under the will of Frederick A. Eldred, which the court found it unnecessary to pass upon.

Among other rulings, which the decision of the court has made immaterial, the judge ruled as follows: That the several deeds to Lorenzo Eldred from the heirs of William Eldred were sufficient to convey, and did convey, to Lorenzo any and all interest owned by the several grantors in the locus, whether acquired by inheritance from, or as purchasers by devise under the wills of both William Eldred and Frederick A. Eldred.

The judge ordered a decree for the petitioners; and the respondents alleged exceptions.

*H. E. Perkins,* for the respondents.

*C. H. Swan,* guardian *ad litem,* addressed the court but did not file a brief.

*C. F. Chamberlayne,* for the petitioners.

LATHROP, J. It does not seem necessary for us in this case to determine whether the title to William Eldred's undivided half interest in the locus vested at his death, subject to the life estate devised under his will to Lorenzo, in his heirs at law by descent, or whether it passed to them under the will. See *Ellis* v. *Page*, 7 Cush. 161; *Sears* v. *Russell*, 8 Gray, 86, 93. Nor do we find it necessary to determine whether the widow of Frederick A. Eldred had power under his will as executrix to make the deed of November 12, 1897, nor to consider the precise construction of the will of Frederick. It is evident that the interest of Frederick in William's estate was in the widow, Jennie L. Minor, and the testator's blood relations, who were three brothers, a sister, and the children of a deceased sister. These, including Lorenzo, were the living heirs of his father William.

The real question in the case depends upon the effect of the deeds obtained by Lorenzo after the death of Frederick, and upon the effect of the deed obtained by the petitioners from the widow of Frederick and Jennie L. Minor.

We cannot doubt that under the deeds to Lorenzo Eldred from the heirs of William Eldred, all the interest which the heirs had in the locus passed, whether acquired by inheritance from William Eldred, or as devisees under the wills of both William Eldred and Frederick A. Eldred; and that the petitioners also acquired, under the deed of July 3, 1893, from Mary A. Eldred and Jennie L. Minor, all their interest in the locus. The reference to the will was only for the purpose of indicating one source of the grantors' title. *Whitman* v. *Whitman*, 7 Met. 268. *Moran* v. *Somes*, 154 Mass. 200, and cases cited.

*Exceptions overruled.*