# Staunton.

## CLARK v. ROLLER.

### September 26, 1905.

1. DEEDS—*Description of Premises—Doubts Resolved against Grantor—Case at Bar.*—Under a grant to A. of all and every part of a certain tract of land, which was conveyed to grantor by S. by a deed bearing a date mentioned, and recorded in a deed book specified, "to which the said grantor has legal title under the conveyances from Coleman and Haviland, the original patentees of the larger tract of land, of which said tract forms a part, the same having been described and conveyed in the said deed to the" grantor as containing by survey May 4, 1891, three hundred and ninety one acres and 38 poles, A. takes the entire tract of 391 acres and 38 poles conveyed to his grantor, and the language quoted from the old deed does not restrict the conveyance to only so much of the tract as was actually within the limits of the old grant of Coleman and Haviland, and was not intended to describe the interest or amount of land conveyed, but was used for the purpose of showing from This 'construction would have to be placed· on the deed to A. even what source the land was derived, and as a help to trace the title. if the language left it in doubt, as, in such case, the language is construed most strongly against the grantor.

Error to a judgment of the Circuit Court of Rockingham county, in a caveat entered by Clark against Roller.   Judgment for defendant.   Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*C. R. Wingfield* and *G. G. Grattan,* for the plaintiff in error.

*John E. Roller,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error entered a caveat against the issuing of a grant to the defendant for a small parcel of land lying in Rockingham county. Upon the trial of the cause, there was a verdict and judgment in favor of the defendant. To that judgment this writ of error was awarded.

To sustain the issue upon his part the plaintiff introduced in evidence certain deeds through which he claimed title or color of title to the land in controversy. Among these was a conveyance from his immediate grantor, dated June 12, 1903, the proper construction of which is raised by the first assignment of error.

The Circuit Court was of opinion that the deed did not embrace and therefore did not give the plaintiff color of title to the land in controversy.

So much of the deed as is necessary to determine whether or not the court properly construed it, is as follows:

"Witnesseth, that for and in consideration of one thousand dollars ($1,000.00), paid as hereinafter set forth, the said Howard H. Hall and Annie M., his wife, do grant and convey with general warranty unto the said R. S. Clarke all and every part of that certain tract of land, lying in Brock's Gap, in said county of Rockingham, which was conveyed to the said Howard H. Hall by J. M. H. Stover by deed bearing date on the 26th day of March, 1894, and admitted to record on the 7th day of April, 1894, in the clerk's office of the County Court of said county of Rockingham, and recorded in deed book number 48, page 487, &c., to which the said Howard H. Hall has legal title under the conveyances from William Coleman and Horatio Gates Haviland, the original patentees of the larger tract of land, of which said tract forms a part, the same having been

described and conveyed in said deed to the said Howard H. Hall from the said J. M. H. Stover as containing by survey of May 4, 1891, three hundred and ninety-one acres (391) and thirty-eight (38 P). . . . ."

The contention of the plaintiff is that the deed operated to convey to him all and every part of the land which Hall, his grantor, obtained title to under his conveyance from Stover, and that the reference to the Coleman and Haviland patent is mere matter of description or recital of the chain of title, and was not intended to limit the conveyance to so much of the Stover land as might be found to lie within the actual bounds of the old Coleman and Haviland patent, from which the title to the tract conveyed was supposed to be derived.

The defendant insists and the court so held, that the deed only conveys so much of the Stover tract of 391 acres and 38 poles as was actually covered by the old grant of Coleman and Haviland.

It is clear, we think, from the language of the deed, that the entire tract of 391 acres of land conveyed by Stover to Hall was conveyed by him to the plaintiff, and that the language of the old deed, viz.: "to which the said Howard H. Hall has legal title under the conveyances from William Coleman and Horatio Gates Haviland, the original patentees of the larger tract," relied on by the defendant to show that only so much of the tract was intended to be conveyed as was actually within the limits of the old grant of Coleman and Haviland was not intended to describe the interest or amount of land conveyed, but was used for the purpose of showing from what source the land was derived, and as a help to trace the title. *Moran* v. *Somes* (Mass.), 28 N. E. 152-3; *Brown* v. *Heard* (Me.), 27 Atl. 182, 183. The language which precedes as well as what follows the words quoted negatives the construction contended for by the defendant. It shows clearly, we think, that Hall intended to convey and did convey the entire Stover tract, and that the Stover tract is a part of the old grant. But if the language

of the deed left it in doubt whether the whole Stover tract or only so much of it as was actually embraced within the old grant was intended to be conveyed, that doubt would have to be solved in favor of the defendant, under that rule of construction which requires that where there is uncertainty or ambiguity in the language used in a deed, it shall be construed most strongly against the grantor and that the grantee shall have the benefit of such doubt or ambiguity. 2 Minors Inst. (4th Ed.); *Carrington* v. *Goddin,* 13 Gratt. 587.

There are other assignments of error, but as the rulings of the court complained of were based upon or controlled by its erroneous construction of the deed from Hall to the plaintiff, it is unnecessary to consider them as the questions involved in them are not likely to arise upon the next trial.

The judgment of the Circuit Court must be reversed, the verdict of the jury set aside and a new trial granted, to be had not in conflict with the views expressed in this opinion.

*Reversed.*