CAROLINE V. WOODVINE *vs.* ROBERT C. DEAN & another. SAME *vs.* HORTENSE W. DEAN & another.

Suffolk.   November 21, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Will. Child. Land Court. Superior Court. Jurisdiction. Statute. Practice, Civil.*

Under R. L. c. 135, § 19, the question whether the omission of a testator to provide for his children in his will was intentional is a question of fact.

On a petition to the Land Court to establish a title to land devised to the petitioner to the exclusion of the testator's children, for whom no provision was made in his will, that court has jurisdiction to decide the question of fact whether the omission of the testator to provide for his children was intentional.

Upon an appeal to the Superior Court from the Land Court on the issue whether the omission of the testator, under whose will the petitioner claims title to the land which he seeks to have registered, to provide in his will for his children was intentional under R. L. c. 135, § 19, the Superior Court has jurisdiction to decide this question of fact.

St. 1905, c. 288, providing that on an appeal from the Land Court to the Superior Court the judge who rendered the decision appealed from shall file in the Superior Court a full report of his decision, which shall be *prima facie* evidence as to the matters therein contained, relates only to procedure as to evidence, and is applicable to the trial of an issue in an appeal to the Superior Court in a case which was begun by a petition filed in the Land Court before the passage of the statute but in which the decision appealed from was not given until after the statute took effect.

St. 1905, c. 288, provides that on an appeal from the Land Court to the Superior Court the judge who rendered the decision appealed from shall file in the Superior Court " a full report of his decision and of the facts found by him so far as they relate to or bear upon any questions involved in the appeal." On such an appeal the only question in controversy was whether the omission of the testator under whom the petitioner claimed to provide in his will for his children was intentional, and the report of the judge after stating the issue was in these words : " At the trial before me the only testimony in the case was to the effect that such omission was intentional, and I so found." *Held*, that the report was sufficiently full for the purposes for which it was made, and was in substantial compliance with the requirements of the statute.

HAMMOND, J.   In the original act establishing the Land Court there was no provision for the revision by this court of questions of law arising in that court.   Questions of law arising upon trial in the Superior Court on an appeal from the Land Court might be brought here " in the same manner as in proceedings at law in said [Superior] court."   St. 1898, c. 562, § 14, now R. L. c. 128, § 13.   A subsequent statute provided that questions of law arising in the Land Court might be taken directly to this court for revision in the same manner as questions of law are taken to this court from the Superior Court. St. 1899, c. 131, § 2, now R. L. c. 128, § 13.   In the case before us there are two bills of exceptions, one arising out of the hearing in the Land Court and one out of the trial in the Superior Court.   The first bill raises only one question, and that is one of jurisdiction.

Denton G. Woodvine devised the land in question to the petitioner, who was his wife, and in his will he made no provision for his children, of whom Hortense W. Dean, who hereinafter will be designated as the respondent, was one.   As to the title the crucial and only question was whether this omission was intentional.   If it was, then the petitioner's title was good as against the respondent; otherwise it was not.   R. L. c. 135, § 19.   This was plainly a question of fact.   At the hearing before the Land Court the respondent asked for a ruling that the court had no jurisdiction in regard to this issue.   The judge refused so to rule, and proceeded to the trial of the issue.   He found as a fact that the omission was intentional and ordered a decree for registration of title in the petitioner.   The respondent excepted to the refusal to rule as requested, and appealed from the " decision " of the Land Court to the Superior Court, " to the extent, and in so far as appears in the issues filed herewith to be tried in said Superior Court."   The only issue " filed herewith " was the following: " Whether or not the omission of Denton G. Woodvine, under whose will said petitioner claims title to the land which she seeks to have registered in this proceeding, to provide in said will for his children was intentional and not occasioned by accident or mistake, as provided in Chapter 135, Section 19 of the Revised Laws." Thus, for the time being, the proceedings in the Land Court

were suspended, and the parties went to the Superior Court to try the issue above set forth.

The Land Court rightly refused the ruling requested. The question whether the omission was intentional· was pivotal. The rights of the parties could not be determined without first settling it, and the proceeding was for the purpose of settling those rights. With certain exceptions, not here material, the decree finally to be entered in this case as to the nature and extent of the petitioner's title is "conclusive upon and against all persons." R. L. c. 128, § 37. That it is not only the right but the duty of a court engaged in such an inquiry, for such a purpose, to determine such a fact, is too plain for argument.

We now pass to the exceptions raised at the trial in the Superior Court upon the issue hereinbefore set forth. In so far as the respondent sought to raise there the same question as to jurisdiction as had been raised in the Land Court, she had no right to any ruling because that question was immaterial to the issue then on trial. In so far as she sought to raise a question as to the jurisdiction of the Superior Court it is manifest that since the Land Court had jurisdiction the appellate court, to whom the issue was submitted, also had jurisdiction.

At the trial the report of the Land Court made under St. 1905, c. 288, was offered in evidence by the petitioner and against the objection and exception of the respondent it was admitted. The respondent objects, first, that the statute providing for the admission of the report is inapplicable to this case because it went into effect on April 13, 1905, which was subsequent to the time (February 19, 1905) when the original petition was filed in the Land Court. The statute provides in substance that when an appeal is taken to the Superior Court for a jury trial on the facts, "the judge of the Land Court who rendered the decision . . . appealed from shall . . . file in said Superior Court a full report of his decision and of the facts found by him so far as they relate to or bear upon any questions involved in the appeal, and upon the trial of the cause in the Superior Court such report shall be *prima facie* evidence as to the matters therein contained."

It appears upon an inspection of the papers that the decision

of the Land Court was not made until June, 1905, and the appeal to the Superior Court was not taken until the following month. At the time of the appeal, therefore, the statute was in force. It was not a statute changing the substantial rights of the parties, but simply the rules of evidence. It relates of course to future and not to past trials, and only to the procedure as to evidence. The language is broad enough to cover every future trial, and seems to be applicable to every such trial. The case is not to be classed with those where the statute changes the liability and rights of parties, as in *Shallow* v. *Salem*, 136 Mass. 136, and many other cases cited by the respondent. The statute being general in form, dealing only with a rule of evidence, and having reference only to civil cases, must be regarded as applicable to any future trial whether or not in a case pending at the time it took effect. The case must stand with cases like *Brooks* v. *Holden*, 175 Mass. 137, and *Stocker* v. *Foster*, 178 Mass. 591.

The second objection to the report is that it is not the " full report " required by the statute. In order to pass properly on this point it is necessary to consider the scope of the decision and of the issue to be tried in the Superior Court. The decision was that the omission in the will to provide for the testator's children was intentional. The statute does not require that the evidence before the Land Court should be reported, and the respondent does not contend to the contrary. The issue presented only one simple question of fact. The report sets out the decision of the court on that question and that the decision was arrived at after hearing testimony which was to the effect that the omission was intentional. The report is very brief and simple.* It might have been more elaborate,

---

* The report was filed on July 18, 1905, and was as follows :

" This is a petition for the registration of title to several parcels of land in Boston, formerly owned by Denton G. Woodvine late of said Boston. The only question in controversy is whether the omission by said Denton G. Woodvine to provide in his will for his children was an intentional omission.

" At the trial before me the only testimony in the case was to the effect that such omission was intentional, and I so found.

" C. T. Davis,
" Asso. Judge of the Land Court."

setting out among other things the provisions of the will in detail and the number of children left by the testator, and the fact that the respondent was one of them. But as to all this there was no dispute. In view of the nature of the decision and the real question to be tried, we think that the report was sufficiently full for the purposes for which it was made, and was in substantial compliance with the requirements of the statute.

We understand that the exceptions as to evidence are waived.

*Exceptions overruled.*

  *R. W. Foster*, for the respondents.

*H. Dunham*, for the petitioner, was not called upon.