## MARSHALL S. P. POLLARD *vs.* JOHN F. KETTERER.

Suffolk.    March 5, 1915. — May 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Deed.  Writ of Entry.  Pleading, Civil,* Equitable defence.  *Equity Jurisdiction,* To reform deed.  *Land Court.  Evidence,* Presumptions and burden of proof, Report of judge of Land Court.

Where the owner of two adjoining lots of land on a street of a city, each lot having a building thereon and the two buildings being divided by a partition wall, by deeds of even date conveyed each of the lots to a different grantee describing the granted premises clearly by metes and bounds, and by these descriptions the dividing line instead of running through the centre of the partition wall added a strip of land to one of the lots which it took from the other, so that the grantee of the diminished lot substantially lost the entrance to his building from a public street on one side and was deprived of the support of the partition wall and of four feet of the front bedrooms on an upper floor, the descriptions are not ambiguous, and the mistake, if there was a mistake, cannot be corrected in defence to a writ of entry brought by the grantee of the added strip of land to assert his title; unless under R. L. c. 173, § 28, the grantee of the diminished lot can be allowed to set up a mutual mistake of fact as an equitable defence, a question which was not raised in this case.

In the case above stated, it was *said*, that another question that was not raised was whether the tenant could obtain relief in a suit in equity to reform the deeds.

Where a description of land in a deed, after defining the land clearly by metes and bounds, concludes with the phrases " or however otherwise bounded, measured or described " and " be all said above measurements more or less," if no reference is made in the deed to any previous conveyance or source of title, these words are not equivalent to a general description and give the grantee no right to any land outside the parcel included in the particular description.

The provision of St. 1905, c. 288, that, on an appeal from the Land Court to the Superior Court for a jury trial on the facts, the judge of the Land Court shall file " a full report of his decision and of the facts found by him so far as they relate to or bear upon any question involved in the appeal, and upon the trial of the cause in the Superior Court such report shall be *prima facie* evidence as to the matters therein contained," so far as it relates to the effect of the report is a rule of evidence, and findings contained in such a report, which are based on extrinsic evidence that should not have been admitted to affect the construction of a clear description in a deed, have no probative force.

WRIT OF ENTRY, dated April 24 and amended December 13, 1909, by the owner of the Hotel Haymarket on the corner of Causeway Street and Canal Street in Boston against the owner of

Ketterer's Hotel adjoining the demandant's hotel on Canal Street, to recover a strip of land at the rear of the demandant's hotel measuring two and ten one hundredths feet on that street and running back at that uniform width the distance of forty-eight and fifty one hundredths feet.

In the Land Court the case was tried before *Davis,* J., who on April 8, 1910, filed a decision in favor of the tenant. From this decision the demandant appealed to the Superior Court under St. 1904, c. 448, § 8, and St. 1905, c. 288, "for a jury trial on the facts on the ground that the court was in error in deciding that the demanded premises were conveyed by the deed of A. W. Pollard to Alexander H. Wood and Marshall S. P. Pollard, dated September 1, 1897, and recorded with Suffolk Deeds, Book 2468, page 412, and by said Wood and Pollard to the tenant by deed dated September 1, 1897, recorded with Suffolk Deeds, Book 2469, page 390."

The following issue was framed by the judge of the Land Court to be tried by a jury as an issue of fact before the Superior Court: "What is the boundary between the estate conveyed by A. W. Pollard to Alexander H. Wood and Marshall S. P. Pollard, by deed dated September 1, 1897, recorded with Suffolk Deeds, Book 2468, page 412, and by Alexander H. Wood and M. S. P. Pollard to John F. Ketterer by deed dated September 1, 1897, and recorded with Suffolk Deeds, Book 2469, page 390, and the estate conveyed by A. W. Pollard to Frederick H. Pollard by deed dated September 1, 1897, recorded with Suffolk Deeds, Book 2468, page 409, and by Frederick H. Pollard to Alexander H. Wood, M. S. P. Pollard and A. W. Pollard by deed dated September 1, 1897, recorded with Suffolk Deeds, Book 2468, page 411."

The judge of the Land Court filed a report of his decision under St. 1905, c. 288.

In the Superior Court the issue was tried before *Bell,* J. Upon the motion of the demandant the issue was amended by changing the first word so as to read "Where is the boundary" instead of "What is the boundary."

At the close of the demandant's opening, the counsel for the tenant stated that the tenant's contention was that the boundary line ran through the centre of the partition wall. The judge

ruled that the evidence offered by the tenant, which is described in the opinion, consisted of matters outside the deeds and must be excluded except the report of the judge of the Land Court, which he admitted.

The tenant made a motion that the demandant's appeal be dismissed. This motion was denied by the judge, and the tenant excepted.

The judge refused to order a verdict for the tenant. He made the following rulings:

"1. I rule that the deeds themselves disclose no ambiguity which opens the door to parol evidence to aid in their construction.

"2. I rule that the facts stated in the offer of evidence by the tenant if admitted would not raise any ambiguity as to the meaning of the deeds, and that the evidence as offered is not admissible, except the report of the Land Court which I admit.

"3. I rule that at the trial before me, I must admit or exclude evidence, as it under the circumstances appears to me competent or incompetent, whatever may have been the ruling on that point of another judge at another trial, giving all due respect to the views of such judge.

"4. Such parts of the report of the judge of the Land Court as are inconsistent with my ruling, I direct the jury to disregard."

The judge further instructed the jury as follows:

"In making these rulings, I am of the opinion that the deeds speak for themselves, and that they require that the jury should return a verdict in these terms, which I, accordingly, direct them to do:

"The jury find that the line in question between the parties begins at the west corner of the Ketterer lot at land now or late of J. D. Small and land of Durkee, thence it runs northeasterly bounding on said Small's land, to the northeast corner of land of said Small, thence continuing northeast in a straight line on the same course to the southwest line of Canal Street at a point 29.33 feet northwest from the centre of the Butler party wall."

The judge added by way of explanation the following: "The facts offered to be proved by the tenant raise some presumption — and the presumption that the deeds do not correctly represent the true intentions of the parties. That, however, is not a matter

which can be settled in this court, and in my judgment can only be determined by a proceeding in equity to reform the deeds. Whether that proceeding would be successful or not, I indicate no opinion. If the parties make a mistake in their deeds, a mutual mistake in their deeds, that is the way in which it can be reformed, the deed can be reformed; and until reformed, a deed properly made is binding upon both parties."

The jury returned the finding directed by the judge; and the tenant alleged exceptions.

St. 1905, c. 288, is as follows: "Appeals from the Land Court to the Superior Court shall be appeals for a jury trial on the facts. When an appeal is taken from the Land Court to the Superior Court, the judge of the Land Court who rendered the decision or made or signed the order or decree appealed from shall, within thirty days after the entry of the appeal in the Superior Court, file in said Superior Court a full report of his decision and of the facts found by him so far as they relate to or bear upon any questions involved in the appeal, and upon the trial of the cause in the Superior Court such report shall be *prima facie* evidence as to the matters therein contained."

*W. B. Sullivan,* (*P. O'Loughlin* with him,) for the tenant.

*A. Marshall,* for the demandant.

BRALEY, J. We are of opinion that the tenant's exceptions should be overruled.

The parties who derive title from a common grantor own contiguous estates, and having fallen into a controversy over the dividing line, this action is brought to determine the ownership of the strip in dispute.

The exclusive jurisdiction of writs of entry brought under R. L. c. 179, was conferred upon the Land Court by the St. of 1904, c. 448, which provided in § 8, that any decision whereby any party is aggrieved shall be subject to an appeal to the Superior Court for the county in which the land lies for a jury trial upon the facts. But the issues are to be framed in the Land Court, after the appeal is claimed. *Foss* v. *Atkins,* 193 Mass. 486.

The demandant seasonably perfected his appeal, and with the exception that the report of the judge of the Land Court who found for the tenant was admissible in evidence, the issue trans-

mitted was to be tried as if the action had been begun in the appellate court, which properly allowed the amendment making the issue more definite in form, but not changing it in substance. *Luce* v. *Parsons,* 192 Mass. 8, 12. *Cohasset* v. *Moors,* 204 Mass. 173. *Weeks* v. *Brooks,* 205 Mass. 458, 461. *Old Colony Street Railway* v. *Thomas,* 205 Mass. 529. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. *Blake* v. *Rogers,* 210 Mass. 588. St. 1905, c. 288. See St. 1910, c. 560.

If the northwesterly boundary of the premises demanded is determined, the northeasterly boundary of the tenant's land will be ascertained, and, no question of title by prescription having been raised, resort must be had to the documentary evidence with the burden of proof resting on the demandant. *Bishop* v. *Burke,* 207 Mass. 133.

The parcels with the respective buildings or hotels formerly comprised one estate, which the owner divided by deeds of even date, wherein each tract is described as bounded by the other tract. The buildings covering very nearly the whole area had a common partition or party wall, the centre of which before the merger in ownership of the grantor was the division line, but the deeds to the demandant and the tenant divided the land so that the description in the demandant's deed covers a portion of the tenant's building, shutting off substantially the entrance from the public street on the northwesterly side, as well as depriving the tenant of the support of the common wall, and of four feet of the front bedrooms on the upper floor. It is his contention that these conditions make the descriptions ambiguous, and he furnished evidence from which the jury would be warranted in finding that the grantor intended that the true boundary line should be coincident with the centre of the common wall.

But, if evidence of this character is admissible where the language used in the deed is of doubtful meaning or where a boundary is named of a natural object, the location of which must depend on the observation and recollection of witnesses, it is inadmissible where the wording of the instrument is unambiguous and all the calls can be satisfied. *Stone* v. *Clark,* 1 Met. 378, 381. *Temple* v. *Benson,* 213 Mass. 128. *Morrison* v. *Holder,* 214 Mass. 366, 369.

The descriptions are by metes and bounds, and the record shows

that upon application to the land the measurements give to each grantee the parcel described and conveyed. If the words "or however otherwise bounded, measured or described" and "be all said above measurements more or less" are common to each instrument, they are not the equivalent of a general description, for no reference is made to other conveyances or sources of title. *Foss* v. *Crisp,* 20 Pick. 121. *Hopkins* v. *Smith,* 111 Mass. 176. *Olson* v. *Keith,* 162 Mass. 485. But, even if susceptible of such effect, the tenant is not helped, as they would not exclude from the operation of the demandant's deed the parcel included in the particular description. *Whiting* v. *Dewey,* 15 Pick. 428. *Eldred* v. *Davis,* 181 Mass. 498. *Hamlin* v. *Attorney General,* 195 Mass. 309. The construction of the deeds adopted by the presiding judge, and his rulings that parol evidence was inadmissible to vary the terms of the grants, as well as the ruling that he was not bound by the report of the judge of the Land Court in so far as it was inconsistent with his own view of the law, were correct.

The situation appears to be one of much hardship, but whether the tenant could have relief in equity by an original bill or an answer by way of equitable defence, which has not been pleaded, is not before us. *Holbrook* v. *Schofield,* 211 Mass. 234. R. L. c. 173, § 28.

The denial of the tenant's motion, to dismiss the appeal after the rulings had been announced because no question of fact remained for the jury, was right. It is true that, the report being in the tenant's favor, unless there was evidence to the contrary he was entitled to a verdict. *Bishop* v. *Burke,* 207 Mass. 133, 139. The statute, however, requiring the report deals only with a rule of evidence, and rulings of law found in the report may be rectified or reversed. *Woodvine* v. *Dean,* 194 Mass. 40, 42, 43. *Fisher* v. *Doe,* 204 Mass. 34, 39, 40. The true construction of the deeds was a question of law and not of fact. *Eddy* v. *Chace,* 140 Mass. 471. *Lipsky* v. *Heller,* 199 Mass. 310. And if under the rulings the facts no longer were uncertain or indefinite, the trial nevertheless was with a jury upon the issue as framed. *Fay* v. *Alliance Ins. Co.* 16 Gray, 455, 461. *Carter* v. *Goff,* 141 Mass. 123. *Hillyer* v. *Dickinson,* 154 Mass. 502, 504.

The findings shown by the report were made upon extrinsic

evidence which the appellate court correctly held to be inadmissible, and the probative force of the report under the statute accordingly disappeared. *Blake* v. *Rogers,* 210 Mass. 588, 594. The tenant having failed to introduce any relevant and competent testimony to control the evidence introduced by the demandant, the jury properly were directed to return the answer establishing the boundary in accordance with the demandant's title. *Hillyer* v. *Dickinson,* 154 Mass. 502, 504.

*Exceptions overruled.*