528        SUPREME COURT        .    [Vol_

[Lady Ensley Coal, Iron & R. R. Co. et al. v. Gordon, et al.]

# Lady Ensley Coal, Iron & R.R. Co. *et al.* *v.* Gordon, *et al.*

## *Bill to Enforce a Trust.*

(Decided April 16, 1908.  Rehearing denied June 18, 1908.
46 South. 983.)

1. *Trusts; Constructive Trusts; Breach.*—Where the owner of land enters into a contract to convey it to a named individual and his associates upon the construction by them within a specified time of a certain railroad, a constructive trust is created under the doctrine that equity treats as done what in good conscience ought to be done, (if such contract creates a trust at all) ; a conveyance of the land by the owner to a third person is a breach of the trust since the owner is unable to carry out the contract, notwithstanding the conveyance to such third person, stipulates that the sale is subject to the contract.

2. *Same; Enforcement; Right of Action.*—Where the owner of land contracted to convey it to a certain named person and his associates upon the construction by them of a certain railroad within a certain time a right of action arose in favor of the named individual and his associates upon the fulfilling by them of the conditions named.

3. *Same; Bill; Sufficiency; Laches; Limitation.*—Where the contract was made twenty years previous to the filing of the bill to enforce a trust created by it and the land, the subject of the contract had been twice conveyed in the meantime, and the bill stated no facts excusing the delay in the commencement of the suit, the bill was subject to demurrer that the trust was barred by limitation and by laches.

4. *Limitation of Action; Suit in Equity; Application; Statutes.*— The statute of limitation is applicable to bills in chancery, under the provisions of section 674, Code 1896, and the defense of the statute of limitation may be asserted by demurrer where it appears on the face of the bill that the cause of action is barred.

5. *Same; Constructive Trust.*—Limitations run against constructive trusts and the right to enforce a constructive trust is barred after the expiration of ten years.

6. *Trusts; Enforcement; Constructive Trusts; Laches.*—Where, in the meantime, strangers have acquired rights in the property and the beneficiary in the trust have for more than twenty years delayed its enforcement after the accrual of the right of action therefor, such beneficiary has lost the right to enforce the trust by his laches.

APPEAL from Franklin Chancery Court.

Heard before Hon. W. H. SIMPSON.

[Lady·Ensley Coal, Iron & R. R. Co. et al. v. Gordon, et al.]

Bill by Eugene C. Gordon and others against the Lady Ensley Coal, Iron & Railroad Company and others to enforce a trust. From a decree overruling demurrers to the bill, defendants appeal. Reversed and rendered.

According to the averments of the bill, on May 9, 1881, David Pounders and wife made and delivered to Gordon a written contract which is as follows: "That whereas, John B. Gordon, A. H. Colquitt, Eugene C. Gordon, and Walter S. Gordon, and their associates, propose to build a railroad from some point on the Memphis & Charleston Railroad, or from some point on the Alabama Great Southern Railroad, or from some point on the Columbus, Fayette & Decatur Railroad, or on the Elyton & Aberdeen Railroad, now being built and located, the said proposed railroad to pass into or through the counties of Franklin, Marion, Walker, and Colbert, or all of them; and whereas, the building of said railroad would in our opinion become a convenience and a benefit to the undersigned in various ways, in the probable enhancement of the value of our property and our labor in furnishing facilities for transportation and more rapid communication to and with the markets of the country: Now, therefore, for and in consideration of all these benefits and advantages, which in our opinion would accrue to us in building said road, should the said Gordon and his associates and successors within six months from this date begin or cause to be begun the work of surveying or building or grading said railroad, and shall within three years of this date extend the said road so as to reach the county of Franklin, or the counties of Winston, Walker, and Colbert, or all of them, then and in that event we, David C. Pounders and Annie Pounders, his wife, do hereby agree and bind ourselves, our heirs, administrators, and assigns, to make unto the said Gorden and his associates and successors good

34 C

and sufficient title in fee simple, and upon compliance on their part with the terms of this contract the title to said premises is hereby invested in the said Gorden, his associates and successors. [Here follows the description of land.] And the undersigned bind themselves, their administrators, executors, and assigns, to make unto the said Gorden and his associates, upon the conditions written above respecting the surveying and building of the proposed railroad, good and sufficient title to all coal, iron, and coal oil and other minerals on, in, or upon the following described land: [Here follows the description of the land.]" Right is also given to enter upon the lands to prospect for minerals and mine the same. This contract was recorded in Franklin county on September 4, 1881. On November 21, 1882, Pounders and wife conveyed the property described in the contract, together with other property, to Enoch Ensley and his associates, and this deed was recorded December 1, 1882. The bill further alleges that on June 17, 1884, Pounders and wife executed and delivered a deed to the property described in the contract to Eugene C. Gorden and W. S. Gorden, who had succeeded to all the rights of their associates under said contract. This deed was recorded about January 9, 1886. It is averred that at the time Ensley received his deed he had actual and legal notice of the executory contract, on account of its registration; and it is also averred that the conveyance to Ensley and his associates expressly stipulated that the conveyance to Ensley was subject to the said executory contract. It is further averred that those deriving title from said property through said conveyance to Ensley and associates took the same in subordination to the right and equities of complainant. It is further alleged that on the 3d day of April, 1884, Ensley, as trustee for himself

and others, conveyed said property, together with other
property, to the Lady Ensley Coal & Iron Company,
whose name was afterwards changed to Lady Ensley
Coal, Iron & Railroad Company; that some time later
the Lady Ensley Coal, Iron & Railroad Company was
placed in the hands of a receiver by an order of the
chancery court of Jefferson county, and that A. G.
Smith was named as such receiver, and on March 9,
1903, a decree of sale was made and rendered, ordering
a sale of all the property of said company, including
the property described in the executory contract; and
that on March 30, 1903, all this property was sold under
decree by the register, and was purchased by the Sloss-
Sheffield Steel & Iron Company, which sale was report-
ed to and confirmed by the court ordering the sale. It
is further averred that at the time of said sale a certain
cause was then pending in the chancery court of Frank-
lin county, wherein appellees were complainant and A.
G. Smith, as receiver, was respondent, in which cause
the complainants in this bill asserted title to and a
paramount equity in the property described in the ex-
ecutory contract. It is further averred that Pounders
after making said contract and said conveyances, re-
tained the fee-simple title to the surface of said land,
and that he has ever since been, and is now, in the law-
ful and actual possession of the surface and soil of said
land, and that no person or corporation has ever worked,
taken out, or disposed of, or in any manner used or
taken actual possession of, said minerals, rights, and
interests mentioned in said executory contract. The
Sloss-Sheffield Steel & Iron Company and others were
made parties with the Lady Ensley people, and the
prayer is that the rights and equities of appellees and
of the widow, heirs, and estate of W. S. Gordon, may be
defined and preserved, and that they may have and be

entitled to the trust alleged to have been imposed upon said Ensley and his associates, that the Sloss-Sheffield Steel & Iron Company may be decreed to hold said property subject to said trust, and that it may be directed and required to execute and deliver to complainants all such deeds as may be necessary to complete, perform, and execute said trust, and for an injunction restraining the Sloss-Sheffield Company, or any one claiming under it, from maintaining or asserting any claim to said property or interfering with the working of the mineral rights, etc., and for general relief. The Lady Ensley Company and the Sloss-Sheffield Company filed motions to dismiss the bill for want of equity, and demurrers grounded upon staleness of demand, laches, and the statute of limitations for 10 and 20 years. The motions and demurrers were submitted together, and separately overruled.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The contract from Pounders to the Gordons was merely an executory contract.—*Smith v. Gordon*, 136 Ala. 148. The estate remains the estate of the vendor until the execution of a valid conveyance.—*Young v. Latham*, 132 Ala. 341; *Davis v. Williams*, 130 Ala. 530; *Love v. Butler*, 129 Ala. 531. At most only a constructive trust was created.—*Davis v. Williams, supra;* Pom. Eq. Jur. 1260 and note 3. If Pounders was the trustee he had the power to convey the trust estate.—*McBryer v. Carter*, 64 Ala. 50; *Robinson v. Pierce*, 118 Ala. 273; *Anderson v. Johnson*, 127 Ala. 490; *Mobile Transfer Co. v. Mobile*, 128 Ala. 349. Nothing in deed operated to create Ensley more than a trustee in invitum.—*Robinson v. Pearce, supra*. The deed from Pounders to Ensley breached the contract so that the cause of action arose upon its execution.—*Hawkins v. Merritt*, 109 Ala. 265;

[Lady Ensley Coal, Iron & R. R. Co. et al. v. Gordon, et al.]

*Bracken v. Newman,* 121 Ala. 313; *Harvey v. Legg,* 127 Ala. 627. Appellee was barred under the statute of ten years.—*Haggerty v. Elyton Land Co.,* 89 Ala. 428. The trust being constructive the right to enforce it is barred under the statute of ten years.—*Nettles v. Nettles,* 67 Ala. 599; *Waller v. James,* 107 Ala. 331. Appellees are barred by the statute of twenty years.—*Bozeman v. Bozeman,* 82 Ala. 389; *Garrett v. Garrett,* 69 Ala. 420; *Semple v. Glenn,* 91 Ala. 245; *Matthews v. McDade,* 72 Ala. 377; Sec. 647, Code 1896. Appellees are barred by their laches.—*Montgomery L. & W. P. Co. v. Lahey,* 121 Ala. 136; *Reeves v. Henry,* 108 Ala. 527; *Haney v. Legg, supra; Nettles v. Nettles, supra; Johnson v. Johnson,* 5 Ala. 96.

CHILTON & McKENZIE, for appellee. By the conveyance from Pounders to Ensley, Ensley became the trustee, for the benefit of those equitably interested.—*Dickinson v. Wynn,* 25 Ala. 424; *Poole v. Cummings,* 20 Ala. 569; *Sledge v. Clopton,* 6 Ala. 589; *Ross v. Parks,* 93 Ala. 156; *Meyer v. Mitchell,* 75 Ala. 480; *King v. Richardson,* 21 N. J. E. 604; *Dere v. Dellington,* 75 N. C. 302; *Lehman v. Lewis,* 62 Ala. 129; *Patton v. Beecher,* 62 Ala. 587. The recitals of the deed to Ensley that it was subject to the contract with the Gordons was notice of the existence of the contract and operates as an estoppel.—*Gardigee v. Mitchell,* 51 Ala. 156; *Kennedy v. Brown,* 61 Ala. 298; *Oliver v. A. G. L. Ins. Co.* 82 Ala. 428; 2 Hermann on Estoppel, secs. 576; 606; 608 and 613; 2 Pom. Eq. 688; 24 Ency of Law, pp. 66 and 69; 28 Ib. 508; *Wimbish v. B. & I. Asso.,* 69 Ala. 678; *Shakespere v. Alba,* 76 Ala. 352. The doctrine of laches and limitation have no application.—*Pickens v. Polk,* 74 Ala. 122; *Sample v. Reeder,* 107 Ala. 231; *Washington v. Norwood,* 128 Ala. 391.

DOWDELL, J.—The bill in this case was filed on the 13th day of May, 1904. According to its averrments and prayer for relief it has for its object primarily the enforcement of an alleged trust. No express trust is shown, but it is claimed that a trust exists, arising out of an executory agreement made between the complainant, Eugene C. Gordon, and associates named, of the one part, and David Pounders and his wife, of the other part, in reference to certain described real estate. The executory agreement was in writing, and is attached as Exhibit A to the bill, bearing date of May 9, 1881. After the execution and delivery of said executory contract Pounders and his wife conveyed said property described in said executory contract, together with other property, to Enoch Ensley and his associates, by deed of date of November 21, 1882, and recorded December 1, 1882. It is averred that Ensley at said time had actual and legal notice of said executory contract by the registration of said contract, and also that the conveyance to Ensley and associates expressly stipulated that it was subject to said executory contract. It is further averred and claimed that the rights and equities of the complainant are paramount to the rights and claims of the said Ensley and his associates and of those holding under them, and it is further averred, rather as a conclusion of the pleader than the statement of fact, that those subsequently deriving title from said Ensley and associates took and now hold the property in trust, to recognize, acquiesce in, and comply with the said right of your orator. We say rather as a conclusion than a statement of fact, since the bill shows that said Pounders and wife, in pursuance of the executory contract of May 9, 1881, and subsequent to their deed to Ensley, and on June 17, 1884, executed a deed to the complainant, purporting to convey the legal title to the property

in question to the complainant, and it is also shown that subsequent to this time Ensley and his associates conveyed by deed to the Lady Ensley Coal & Iron Company, a corporation whose name was afterwards changed to Lady Ensley Coal, Iron & Railway Company, and from this latter company, the respondent the Sloss-Sheffield Steel & Iron. Company, a corporation, derived its title through the chancery court of Jefferson county, in a receivership proceeding in that court by creditors of the Lady Ensley Coal, Iron & Railway Company against said corporation.

It is manifest from the statements of the bill that the only trust that existed, if any, was a constructive trust arising out of the executory agreement between the complainant and Pounders and wife, and under the statements of the bill, if Ensley and associates took the property in recognition of the trust, it is equally clear that they ignored and disregarded it when they conveyed the property on the 3d day of April, 1884, to the Lady Ensley Coal & Iron Company.—*In Smith v. Gordon,* 136 Ala. 495, 34 South. 838, in passing upon this same executory agreement of Pounders and wife of May 9, 1881. it was ruled that by it the legal title to the property in question did not pass, and that it was nothing more than an executory contract by the Pounders to convey the mineral interest in the land upon the fullfillment of certain conditions by the Gordons. The retention of title by Pounders was in the nature of a security to insure the strict performance of the contract by the Gordons according to its terms. It may be said that he was in a sense a trustee for the Gordons. But, as we have said, if a trust existed, it was not an express trust, but one created by operation of law, under the broad doctrine that equity regards and treats as done what in good conscience ought to be done.

The execution of the deed to Ensley and associates was a breach of the executory contract by Pounders, notwithstanding the stipulation alleged to be contained in the Ensley deed. Pounders thereby rendered himself unable to carry out the terms of his executory contract with the Gordons. It is not averred that any such stipulation as that contained in the Ensley deed was also contained in the deed from Ensley to the Lady Ensley Coal Company. There can be no question but that upon fulfillment of the conditions named in the executory contract by the Gordons, under the statements of the bill, a right of action existed in the Gordons, as much so as at the time of the filing of the present bill. Yet to the date of the filing of the present bill, since the execution of the deed by Pounders to Ensley and associates on May 9, 1881, and the execution of the deed by Ensley to the Lady Ensley Coal & Iron Company on April 3, 1884, more than 20 years had elapsed. It is not averred in the bill when the Gordons performed the conditions stipulated in the executory contract to be performed by them; but in the construing of the bill on demurrer the presumption is, from the averment that the Pounders, in pursuance of the executory contract with the complainant and associates, executed a deed to them about June 17, 1884, that they (the Gordons) performed the conditions imposed upon them prior to this latter date. No facts are stated in the bill excusing the unreasonable delay in commencing the suit. The statute of limitations is applicable to bills in chancery, and may be asserted on demurrer, when shown on the face of the bill. Civ Code 1896 § 674, and authorities cited in note. The trust being a constructive trust, the statute runs against it, and the appellee's rights to enforce the trust were barred after the expiration of 10 years.—*Nettles v. Nettles* 67 Ala, 599; *Waller v. Jones,*

[Jefferson, et al. v. Sadler, et al.]

107 Ala. 331, 18 South. 277. But, apart from the question of the statute of limitations, we think the complainant was guilty of such laches in the long delay, as shown by the bill, in the assertion of his alleged rights and equities, as to prevent him from a recovery. Twenty years or more had elapsed since a right of action accrued, and in the meanwhile others had acquired rights.— *Montgomery Light & Power Company v. Lahey*, 121 Ala. 136, 25 South. 1006; *Rives v. Morris*, 108 Ala. 527, 18 South. 743; *Haney v. Legg*, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; *Nettles v. Nettles*, 67 Ala. 601.

We are of the opinion that the chancellor erred in overruling the respondent's demurrer to the bill, and his decree will be reversed, and one here rendered sustaining the demurrer.

Reversed and rendered.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.