### SIMPSON COUNTY v. WISNER–COX LUMBER & MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. May 10, 1909.)

No. 1,812.

1. PUBLIC LANDS (§ 55*)—SCHOOL LANDS—LEASES—INSTRUCTION—WHAT LAW GOVERNS.

Whether leases of school lands in Mississippi for 99 years create a leasehold estate, or a determinable fee, or some estate greater than a leasehold, must be determined by the law of Mississippi, as enunciated by her highest judicial tribunal.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 55.*]

2. PUBLIC LANDS (§ 55*)—SCHOOL LANDS—LEASES—RIGHTS OF LESSEE—CUTTING TIMBER.

Under the law of Mississippi, a lease of school lands for 99 years creates in the lessee but a leasehold estate, conferring on him only the right to cut timber for estovers or to clear the estate for cultivation, and not merely for the sale thereof.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 55.*]

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

This is a suit in equity, brought in the chancery court of Simpson county, Miss., by Simpson county against the Wisner-Cox Lumber & Manufacturing Company, a corporation under the laws of Iowa.

The material averments and the prayer of the bill are as follows:

"That defendant was organized and incorporated for the purpose of buying large tracts of timber lands, and for the purpose of operating saw and planing mills, with which to manufacture into lumber all timber that might be purchased by it. That in pursuance to the avowed purpose of its organization, as aforesaid, the defendant has purchased large tracts of timber and timber lands in various counties in South Mississippi. That the said defendant is possessed of an unexpired lease for 99 years in and to the following described land, situated in the county of Simpson and state of Mississippi, to wit: [Here follows a description of parts of section 16, township 1, range 1 E.]

"Said lands are what are known as 'school lands,' and the fee-simple title to said lands is in the state of Mississippi, in trust for the inhabitants of the townships of said county of Simpson. That a number of years ago the county of Simpon leased said lands to sundry and divers persons for a term of 99 years, and said leases were duly executed in favor of said parties to run for periods of 99 years; said leases being of various dates and expiring at various times in the future, the date of expiration in every case being 99 years from the date of the lease. That the parties who leased said lands conveyed their unexpired leases to sundry and divers parties, and by mesne conveyances the title to the unexpired terms of said leases was conveyed to the said defendant, and said defendant is now the assignee of said leases. Defendant claims to own said lands in fee simple and upon other terms than that of a lease to expire at a fixed date, with absolute reversion to the state of Mississippi, in trust, and it claims all the rights of an owner in fee simple in said lands.

"Complainant further states that said lands are now covered with a very fine growth of yellow pine timber of great value, and defendant claims that by virtue of the assignment to it of the unexpired leasehold interests in said lands for a term of 99 years it has the right to cut all of the timber standing on said lands for the purpose of manufacturing the same into lumber; and complainant states and charges that defendant threatens at an early date to cut all the timber standing on all of the lands aforesaid, and manufacture the same into lumber, and complainant says that, unless restrained by this honorable court, the defendant will carry its threat into execution, and will cut

the timber standing on said lands, and will convert the same to its own use and for its own mere profit.

"Complainant further states and charges that defendant claims the right to cut all the timber from said lands and manufacture the same into lumber, not for the purpose of clearing the same for cultivation, or for the purpose of obtaining reasonable estovers therefrom, but for his own mere profit, the defendant claiming that it has all the rights in said timber of an owner in fee simple; and it is the avowed purpose of the defendant to cut and manufacture into lumber all the pine timber now standing on said lands, and unless restrained by this honorable court, defendant will carry its avowed purpose into execution, and will in the near future denude said land of all its standing timber, in wanton disregard of the rights of the complainant, and thus work a lasting injury to the freehold and irreparable damage to the complainant, the inhabitants of said townships, and the state of Mississippi.

"Complainant states and charges that the pretended claim of the defendant to own the timber standing on said lands in fee simple, and the pretended claim of defendant that it has a right to cut all of the timber standing on said lands, the same as an owner in fee simple, casts a doubt, cloud, and suspicion upon the title of the complainant and the state of Mississippi to said lands and the timber standing thereon.

"Complainant says that, if the defendant acquired any title to the timber standing on said lands by virtue of the transfer to it of the leases aforesaid, it acquired no right to cut the timber from said lands, except for reasonable purposes of cultivation and for reasonable estovers; and the claim of defendant that it has a right to cut more timber than is necessary for reasonable purposes of cultivation and for reasonable estovers is unfounded, and to that extent casts a doubt, cloud, and suspicion upon the title of complainant and the state of Mississippi in said lands and the timber standing thereon.

"Complainant deraigns its title to said lands and the timber standing thereon as follows:

"By the fifth clause of the articles of agreement and cession between the United States and Georgia, the lands ceded by that state to the United States, including the present state of Mississippi, were to form states, and to be admitted to the Union upon the same conditions and restrictions, and with the same privileges and in the same manner, as provided by the Ordinance of July 13, 1787, for the government of the Northwest Territory. Under said ordinance, and pursuant to uniform public policy, the sixteenth section lands in every township in all the new states admitted to the Union were appropriated for school purposes. By the twelfth section of the act of Congress of March 3, 1803 [2 Stat. 234, c. 27], providing for a survey and sale of the public lands in the state of Mississippi territory, all sixteenth sections were reserved in each township for the support of schools within the same; and complainant says that upon the admission of the state of Mississippi to the Union the title to said lands aforesaid vested in the state of Mississippi, in trust for the inhabitants of said townships, in accordance with the provisions of said acts of Congress.

"Complainant further states that under the provisions of chapter 123 of the Annotated Code of Mississippi of 1892, the jurisdiction and control of all sixteenth section lands in the state of Mississippi were vested in the several counties of the state, and that by virtue of the provisions of said chapter the jurisdiction and control of the aforesaid described lands in Simpson County were vested in the complainant, and the provisions of the Code of 1892 on the subject of sixteenth section lands have been re-enacted in the Code of 1906. * * *

"The premises considered, complainant prays that the defendant may be summoned by proper process to plead, answer, or demur to this bill, but not under oath, and answer under oath being hereby waived, and that upon final hearing the legality of the claim of defendant to own said lands and the timber standing thereon in fee simple may be tested, and that the pretended claim of defendant that it has all the rights of an owner in fee simple to said lands and the timber standing thereon may be canceled as casting a doubt, cloud, and suspicion upon the title of complainant and the state of Mississippi to said lands and the timber standing thereon, and that the pretended claim of the defendant to the right to cut any more timber from said lands than may

be necessary for the purposes of reasonable cultivation and for reasonable estovers may be canceled, as casting a doubt, cloud, or suspicion upon the title of complainant and the state of Mississippi to said lands and the timber standing thereon, and that defendant may be perpetually enjoined from cutting the timber from said lands, except for bona fide purposes of cultivation and for reasonable estovers; and, if mistaken in the relief prayed for, then complainant prays for such other, further, and general relief as it may be entitled to in the premises, and as to the court may seem meet and proper. And as in duty bound your complainant will ever pray," etc.

On petition of the defendant the cause was duly removed to the United States Circuit Court. The defendant filed a disclaimer and demurrer. It disclaimed to hold the lands otherwise than under the grants described in the bill. It demurred, alleging many grounds of demurrer, among them: (1) That there was no cause of action in the complainant; (2) that the bill does not show there was no right in the respondent to cut the timber; and (3) that under the lease and the statutes of Mississippi the lessee acquired the whole estate in the land during the period of 99 years.

The Circuit Court sustained the demurrer and dismissed the bill. The complainant appealed, and assigns that the court erred in dismissing the bill.

R. V. Fletcher, Atty. Gen., and R. P. Willing, for appellant.
Garner Wynn Green and Marcellus Green, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge (after stating the facts as above). This is a bill to enjoin the defendant from cutting and removing for commercial purposes all the timber from parts of a sixteenth section. The bill shows that the defendant holds the land as assignee of a lease for 99 years. The lease was made by authority of a statute of the state of Mississippi. It is alleged that the defendant claims to have the right to denude the land of all its growing timber; that, in fact, it claims to be, by virtue of the lease, the owner of the land in fee. The demurrer is on the ground that under the lease the lessee acquired the whole estate in the land during the period of 99 years. The position of the defendant by the demurrer is that, admitting the allegations of the bill to be true, it has the right to cut and sell all the timber growing on the land, although such action would work a lasting injury to the freehold and irreparable damage to the complainant.

The controlling question in the case is whether the defendant's estate in the land is a leasehold estate, or a determinable fee, or some estate greater than a leasehold estate. If it is decided to be a leasehold estate, then the next and only other question is: Does the doctrine of waste, as between lessor and lessee, prevail in Mississippi?

This brief statement of the case, without referring to the more elaborate averments of the bill, shows that the questions raised involve the construction of a contract made by authority of a Mississippi statute in relation to real estate situated in the state of Mississippi.

It is a principle firmly established that the federal courts will follow the construction given to the statutes of a state by the highest judicial tribunal of such state (Leffingwell v. Warren, 2 Black, 599, 603, 17 L. Ed. 261; Joseph Dixon Crucible Company v. Paul [C. C. A.] 167 Fed. 784, 788); and it is equally well settled that to the law of

the state in which the land is situated we must look for the rules which govern its descent, alienation, and transfer, and for the effect and construction of wills and other conveyances (Clarke v. Clarke, 178 U. S. 186, 191, 20 Sup. Ct. 873, 44 L. Ed. 1028). The mere statement of the case shows that it must be governed by the laws of Mississippi. It would be intolerable to have one rule prevailing in the state courts and another in the federal courts as to the construction of state statutes and leases of real estate situated in the state. It is fundamental that the construction placed on a state statute by the state's highest court is looked on by a federal court as a part of the statute itself, and that the laws of the state, as expounded by its court of last resort, constitute the law of the land as to the conveyance, lease, and titles of real estate situated within the state. We have, therefore, only to look to the laws of Mississippi to see if the two questions involved in this case have been settled by them.

In 1901 the Supreme Court of Mississippi decided a case which involved a lease like those in question here. It was an action of replevin for logs cut from section 16, township 15, range 3 E., in Warren county. The lessees held the land under a lease for 99 years, dated in January, 1834. The case involved the right of the lessees to cut and sell the timber growing on the land. The doctrine settled by the decision was that the tenant of a particular estate may cut timber for estovers and for clearing the estate for cultivation, so long as he leaves sufficient timber for permanent use and enjoyment of the inheritance, "but cannot cut the timber merely for the sale thereof." Warren County v. Gans, 80 Miss. 76, 31 South. 539. This case stood unquestioned till May 7, 1906, when an opinion was handed down by the same court expressly overruling it, and holding that waste could not be predicated upon the fact that a lessee for 99 years denuded a sixteenth section of all of its timber. The opinion was written by Calhoon, J., and the conclusion was concurred in by Truly, J., on the ground that the lessee for 99 years held an estate which was "intended to operate as a fee determinable at the end of 99 years." Whitfield, C. J., dissented. This decision never became the law of the state, and, in fact, never became the law of the case in which it was announced. Rule 10 of the Supreme Court of Mississippi provides that:

"The court will, at any time during the term at which a judgment is rendered, consider a written suggestion of error of law or fact therein, and will take such action as may seem proper." 70 Miss. xxii (preface), 13 South. vi.

A written "suggestion of error" was made under this rule, and, on a rehearing, the final decision of the court was announced on November 26, 1906. The opinion of the court was delivered by Mayes, J. (who succeeded Truly, J., whose term had expired), and concurred in by a separate opinion by Whitfield, C. J. The effect was to reinstate the doctrine announced in Warren County v. Gans, supra. It was held that a lease, like those described in the bill in the instant case, is governed by the principles governing estates for years, and gives no right in the fee, and that, in the absence of a stipulation in the lease to the contrary, the lessee of sixteenth section lands for 99

years has no right to cut the timber for sale beyond his right as a tenant for years, and that if such lessee cut the timber, and carried it away to be manufactured into lumber and sold, and not for the purpose of clearing the land for cultivation, such lessee would be liable for waste. We content ourselves with referring to the very able and elaborate opinions of Whitfield, C. J., and Mayes, J., as stating the laws of Mississippi on the questions involved. Moss Point Lumber Company v. Harrison County, 89 Miss. 448, 42 South. 290, 296, 302, 873.

We find nothing in the previous decisions of the Supreme Court of Mississippi that cannot be reconciled with the final decision of the court in Moss Point Lumber Company v. Harrison County, supra. Our attention is called to several cases claimed to be in conflict with this conclusion; but they are all referred to and explained to our entire satisfaction in the two opinions which we have cited as controlling.

There is nothing in the averments of the bill or in the record as now presented to take the case out of the general rule requiring this court to be governed by the decisions of the state court of last resort.

The decree of the Circuit Court is reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings in conformity to the opinion of this court.