THOMPSON et al. v. SLOSS–SHEFFIELD STEEL & IRON CO.

BISHOP et al. v. SAME.

(Circuit Court of Appeals, Fifth Circuit. January 5, 1914.)

Nos. 2443, 2445.

**1. COURTS (§ 359*)—FEDERAL COURTS—RULES OF DECISION.**

Federal courts, in cases involving the title to land, will enforce the law of the state in which the land is situated in so far as it governs descent and alienation and the construction of conveyances.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 359.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**2. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—STATE STATUTES—CONSTRUCTION.**

Federal courts will follow the decisions of the state court of last resort with reference to the construction of state statutes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

Appeals from the District Court of the United States for the Northern District of Alabama; Thomas G. Jones, Judge.

Actions by Mabel Clare Bishop and by Lulu G. Thompson and others against the Sloss-Sheffield Steel & Iron Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

John M. Chilton and W. A. Gunter, both of Montgomery, Ala., for appellants.

John P. Tillman, of Birmingham, Ala. (Tillman, Bradley & Morrow, of Birmingham, Ala., of counsel), for appellee.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. [1, 2] The principle is firmly established that the federal courts will look to the law of the state in which the land is situated for the rules which govern its descent and alienation and for the construction of conveyances and leases. Clarke v. Clarke, 178 U. S. 186, 191, 20 Sup. Ct. 873, 44 L. Ed. 1028; Burgess v. Seligman, 107 U. S. 33, 2 Sup. Ct. 10, 27 L. Ed. 359. And it is equally well settled that the federal courts will follow the construction given to the statutes of a state by the court of last resort of such state. Leffingwell v. Warren, 2 Black, 599, 603, 17 L. Ed. 261.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The instant cases involve the construction of conveyances of interest in real estate situated in Alabama, and of Alabama statutes relating to the limitation of actions and to real estate titles. Two cases have reached the Alabama Supreme Court involving contracts and conveyances almost identical with those involved here, and incidentally involving the construction of the same Alabama statutes that are cited in the briefs in these cases. The decision in both of these cases was adverse to the contention of the appellants here. Smith, Receiver, etc., et al. v. Gordon, 136 Ala. 495, 34 South. 838; Lady Ensley Coal Iron & R. R. Co. et al. v. Gordon et al., 155 Ala. 528, 46 South. 983. There can be no doubt that, if the cases before us had been brought in an Alabama state court, such court would have followed the decisions last cited. It would be intolerable to have one rule prevailing in the state courts and another in the federal courts as to the construction of state statutes and the conveyances of real estate within the state, so that a plaintiff suing in the state court would lose, but would win on the same title in the federal court. Simpson County v. Wisner-Cox Lumber & Mfg. Co., 170 Fed. 52, 95 C. C. A. 227. If we differed from the reasoning of the Alabama Supreme Court (and it is entirely useless to say whether we do or not), we would be constrained by well-established rules to be governed by the decisions of that court as to the construction of the contracts and statutes involved here. Dickson v. Wildman, 183 Fed. 398, 399, 105 C. C. A. 618.

The decree in each case is
Affirmed.