SEQUATCHIE LAND CO. *v.* SEWANEE COAL, COKE & LAND CO.

(*Nashville.* December Term, 1916.)

1. **DEEDS. Estates created. Construction.**

A deed, conveying "all right, title, claim, and interest," conveys the lands as such. (*Post, pp.* 311, 312.)

Case cited and approved: Dickson v. Wildman, 183 Fed., 398.

Case cited and distinguished: Green Bay, etc., Co. v. Hewitt, 55 Wis., 96.

2. **DEEDS. Estates created. Construction. Limitations.**

Where a deed conveyed "all right, title, claim, and interest" in certain lands, followed by the words "being an undivided one-half interest," the full fee was conveyed, since an instrument should be construed against the grantor if the description is doubtful, and where a whole property is described, a description is not restricted by a further general statement which can be construed consistently with it. (*Post, pp.* 312-314.)

Cases cited and approved: McLennan v. McDonald, 78 Cal., 273; Lovejoy v. Lovett, 124 Mass., 270.

Case cited and distinguished: Morgan v. Somes, 154 Mass., 200.

Code cited and construed: Sec. 3672 (S).

3. **DEEDS. Estates created. Construction. Limitations.**

A reference to a prior deed must be definite and specific in order to control the specific description of the *quantum* of the estate passing. (*Post, p.* 314.)

Cases cited and approved: Byrd v. Phillips, 120 Tenn, 14; Johnson v. Johnson, 170 Mo., 34.

4. **DEEDS. Estates created. Construction. Limitations.**

Where a deed conveyed "all right, title, claim, and interest" in certain lands, followed by the words "being an undivided one-half interest," and the grantor had an undivided interest in

title under one grant and an absolute fee under another, and overlapping grant to part of the land, she parted with her entire estate in all the land. (*Post, pp.* 315-317.)

Cases cited and approved: Field v. Huston, 21 Me., 69; Pennington v. Cumberland Valley Land Co., 150 Ky., 576.

Case cited and distinguished: Coal Creek Mining Co. v. Heck, 83 Tenn., 497.

5. **DEEDS. Construction. Grants. Estate.**

Where a new grant inferior to another excluded sixty-two acres older grant and still another grant overlapped it, but the older grant included all the land in the other two grants, the mere reference to the older grant did not show that the second conflicting grant was excepted from the latest grant. (*Post, pp.* 317, 318.)

Case cited and approved: Savage v. Coal Co., 2 Tenn., ch. App., 598.

6. **DEEDS. Exceptions. Construction.**

An exception in a deed of "such parts of said lands as may be adversely held" is an exception of land held adversely to the grantor, and not of land acquired by the grantor's predecessor in title, and conveyed to the grantor prior to the conveyance in question.

---

FROM GRUNDY.

---

Appeal from the Chancery Court of Grundy County.—Foss H. Mercer, Judge.

Chambliss & Chambliss and Fults & Schwoon, for appellant.

Chas. Moore, C. H. Garner, Frank M. Thompson and Foster V. Brown, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an ejectment suit brought by the complainant, Sequatchie Land Company, against the Sewanee Coal, etc., Company, both being vendees of Mrs. Rosina Staub under separate and distinct deeds of conveyance. The ruling points may be set forth by a statement of only the ultimate facts.

By the one deed Mrs. Staub, joined by another co-owner, conveyed to the Sequatchie Company "all right, title, claim and interest being an undivided one-half interest in certain lands lying and being in the State of Tennessee, in Grundy, Sequatchie, Van Buren and Marion counties and granted by the State of Tennessee to Samuel B. Barrell by grants numbered and dated as follows, to-wit [giving the numbers and dates of eight grants, including grant No. 5985 for 5,000 acres], "being the same land conveyed to Wm. Bradley by deed dated," etc.

"To have and to hold said undivided interest in said lands to said Sequatchie Land Company, its successors and assigns forever. And we hereby covenant that we will warrant and defend the title to said lands against all claims of either of us."

Inside the boundaries of this grant 5985 was laid a smaller grant, No. 11590, subsequently issued to one Johnson. By means of holding adversely for a long period, Johnson had made his title under the junior grant superior to grant 5985. Mrs. Staub, who individually had acquired the Johnson tract,

conveyed it to the Sewanee Company on a date subsequent to her conveyance to the Sequatchie Company. She owned it, however, at that time, it having been acquired prior to the acquisition of the Staub interest in the Barrell grant.

The first insistence of the Sewanee Company is that the deed of Mrs. Staub to the Sequatchie Company, though first in point of time, conveyed only her undivided interest, which must raise an implication that would exclude the four-hundred-acre tract, the title to which was vested in her individually. But she conveyed "all title" she had to the land within the boundaries of the Barrell grant from whatever source derived or however held.

It is manifest that by the words "all right, title, claim and interest" the lands, as such, were conveyed so far as the grantor was concerned.

In *Green Bay, etc., Co.* v. *Hewitt,* 55 Wis., 96, 12 N. W., 382, 42 Am. Rep., 701, speaking of the meaning and force of such a granting clause, it was said (italics ours):

"It seems very clear to our minds that the granting clause is not ambiguous. It conveys to the plaintiff, in express terms, all of Martin's 'claim, right, title and interest, of every name and nature, legal or equitable, in and to all of the following described property,' being the land in controversy. It is not perceived that Martin could have employed plainer or more certain language to effectuate his purpose and intention to convey all of his interest *in all of the land in controversy* to the plaintiff."

And see *Dickson* v. *Wildman,* 183 Fed., 398, 105 C. C. A., 618; *Bird* v. *Bird,* 40 Me., 398.

The Sewanee Company, the appellant, next contends that the after-appearing words, "being an undivided one-half interest in certain lands," serve to limit the broader words of grant that precede them, and show that a full fee was not being conveyed.

The appellant overlooks the fact that the rule that an instrument should be construed against the grantor applies where the description of the quantity of the estate affected is doubtful.  13 Cyc., 636.

By statute (Code, Shannon, section 3672) it is provided that every grant of real estate, or any interest therein, shall pass all the estate or interest of the grantor, "unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."  Is such an implication raised here?

Another principle at common law is that where property is sufficiently described as a whole, the description is not restricted by a further general statement which may be given a construction inconsistent with the prior inclusive words of grant.

A very early case is stated from 2 Rol. 191, 1, 10, of a grant of all land in L., followed by a grant of a rectory in L. where there were two rectories in L.; and it was held that all lands passed, including both rectories.  General words are not restrained by restrictive words added, where such words do not clearly indicate the intention and designate the grant.

If a grantor conveys all his right, title, and interest, and adds the words "being a one-half undivided interest," the latter words do not limit the extent of the previous terms of grant, or except out any interest conveyed by the earlier words conveying all interest. *McLennan* v. *McDonnell*, 78 Cal., 273, 20 Pac., 566, and cases cited; *Preston* v. *Tesikell*, 32 Grat. (Va.), 48; 2 Devlin on Deeds, section 838a.

In *Moran* v. *Somes*, 154 Mass., 200, 28 N. E., 152, it appeared that Somes was the owner of four undivided fifths of a parcel of land, one-fifth by inheritance from his mother, and the three-fifths by purchases from his three brothers, Francis L., Hiram S., and George. He executed a deed to one Rand, whereby he conveyed, "all my right, title, and interest in and to" such parcel, "being the same estate described in a deed from Francis L. Somes to me . . . and a deed from Hiram S. Somes to me, . . . my interest in said estate being three undivided fifths of the same." The court said:

"We think the deed from Somes to Rand must be held to convey all the interest which the grantor had, at the time of its execution and delivery, in the tract described in it. It must be taken most strongly against the grantor, and the words 'all my right, title, and interest' are not to be cut down by the subsequent reference to the two deeds, and the statement that his interest in the estate is three undivided fifths, which may well have arisen from forgetfulness, and was evidently a mistake. . . .

Moreover, the statement that his .interest is three-fifths purports to be made as a statement of all his interest, and there are no words which indicate *per se* any intention to convey less than his whole interest. The references to the two deeds are evidently made for the purpose of describing the property, and not the amount of interest or the quantity of the estate conveyed.''

In *Lovejoy* v. *Lovett,* 124 Mass., 270, after a description by metes and bounds appeared the words "being the same premises conveyed to me by Ezra Holden, by deed dated May 7, 1829.'' It was held that these words should not overcome the earlier words of grant; that the reference is made to the Holden deed, not for the purpose of describing the lot conveyed, but to show the grantor's chain of title. 1 Jones, Real Prop. section 420.

Further, the reference in the deed in question to a prior deed is not to one executed to Mrs. Staub. The only reference is to a deed to Bradley from Barrell, which, of course, does not show even that Mrs. Staub was vested with only an undivided interest in the Barrell title, and the reference to it was merely "for a specific description of the land.'' A reference to a prior deed must be definite and specific in order to control the specific description of the quantum of the estate passing. *Byrd* v. *Phillips,* 120 Tenn., 14, 111 S. W., 1109; *Johnson* v. *Johnson,* 170 Mo., 34, 70 S. W., 241, 59 L. R. A., 748.

The Sewanee Company also advances the proposition that, notwithstanding the earlier conveyance to the complainant, since she had two distinct title claims to the land in dispute, that instrument must be deemed to have conveyed only Mrs. Staub's undivided interest in the title deraigned or deraignable under grant 5985. It did not, however, effect the transfer of her interest in a mere title or a specific claim to land, but, as we have just said, in land as such and "all" her claim to it. Although she at the time held two titles or claims to the Johnson land, and although her claim to that boundary under Johnson was superior to one under Barrell, both were affected by, and vested in complaint under the terms of, her warranty deed. The case may be said to turn upon the construction of the deed in that regard.

As was well stated by this court in *Coal Creek Mining Co.* v. *Heck,* 15 Lea (83 Tenn.), 497, 506, where also the deed was one of special warranty:

"The case would be this: A party holds by grants two tracts of land, or by deed, for the result would be the same. The two tracts by their boundaries interlap each other. While thus owning both tracts he sells the one held under the junior grant or deed to a third party, 'the following described tract of land' to use the language of this deed, 'granted by a given number, reference being had to said grant for a specific description of said land.' Could the vendor in this case be heard to say, in an action of

ejectment even, much less in a court of equity, that he was entitled to assert his older and superior title by the other grant, and recover the land included in the interlap between the two? We take it the statement of the case in this form would be its own answer. If the other title is to be asserted, and the vendor retain the right to it, all would feel, as a matter of sheer justice, it should be 'so warranted in the bond,' or the subject of contract, otherwise the party has conveyed a deceptive title, nominally and by its plain terms extending to the boundaries of the grant referred to for description, but in fact only covering a less boundary, and then he with one hand is to be held to have conveyed, and with the other not, and to be entitled to dispossess his vendee of a portion of the land conveyed. To make the case stronger, you have but to suppose the older grant had covered the entire younger grant, then the vendee on this principle would get nothing—a result, when put in this form, that no one would seriously ask this court to approve.''

It has been held that the grant of "all lands which I own in the said town of Falmouth" can never be consistent with an exclusion of forty-five acres claimed to be owned, and to which no other claimant has appeared. *Field* v. *Huston,* 21 Me., 69.

We think it manifest, that, the land being mountain land, Mrs. Staub, who lived in the city of Knoxville, did not know or appreciate at the time she executed the deed that the four-hundred-acre tract was over-

laid by the Barrell grant. Certain it is she conveyed all her title to the land covered by that grant, and warranted the title to the lands against all claims of hers. *Pennington* v. *Cumberland Valley Land Co.*, 150 Ky., 576, 150 S. W., 655.

For the Sewanee Company, however, it is argued that the instant case falls within the ruling in the case of *Savage* v. *Coal Co.*, 2 Tenn. Ch. App., 598, 618. As a part of this contention it is urged that the Barrell grant No. 5985 does not, in legal contemplation, cover the land included within the bounds of the Johnson grant, because it appears (it is claimed) that the Johnson grant is also within the boundaries of another or third grant to Gunn No. 8069, which overlaps both 5985 and the Johnson grant. The Gunn grant is superior to 5985. The last-named grant expressly excludes 'sixty-two acres older title.'' It is therefore urged that the Gunn overlap was meant to be excluded, with the result that the Johnson grant within the limits of this overlap was excluded in legal effect. Without conceding that an exclusion clause calling for sixty-two acres could be made, in any event, to apply to the four-hundred-acre Johnson grant or the larger overlapping acreage of the Gunn grant, it is sufficient to say that the rule of the Savage Case does not apply. There the deed was one of quitclaim to the junior title, containing only a reference to the grant number, date, and total in acreage, and it was held not to cover tracts expressly excluded as superior. The gist of

the ruling was that the conveyance was of a title to land as distinguished from a conveyance of land or of "all title" to same, so that tracts so excluded from the grant did not pass.

A distinct defense interposed by the Sewanee Company is that the Johnson tract was not conveyed, because in terms excepted or reserved in the deed executed by Mrs. Staub to complainant. That deed contained this clause:

"Reference is also made to the several grants aforesaid and the description of the lands there given are here adopted, with the exception of such parts of said lands as may be adversely held. Said adverse holdings not being included in this conveyance."

It is said that the Johnson tract was adversely held by Mrs. Staub. In a sense it may have been held under a title adverse to the title deraignable from the grant No. 5985; but it clearly was not held adversely to Mrs. Staub as a warranting grantor of the land covered by that grant. The reference for exception is to holdings hostile to the grantors who executed the deed. Affirm the decree below.