BOWINS v. ENGLISH.

1. EVIDENCE—PAROL EVIDENCE TO VARY WRITING.
    In a suit to enforce specific performance of a written contract, by which it was claimed complainant was made the heir of deceased, which writing was clear and unambiguous, statements made by deceased and his first wife as to their feelings toward complainant and her relation toward them were incompetent.

2. ADOPTION—EXECUTORY CONTRACTS—BREACH—RIGHTS OF CHILD.
    A written contract to adopt complainant was not signed by her foster mother, and deceased, her foster father, never took any steps to adopt her. Complainant knew, when a mere child, that she was not the daughter of her foster parents, and certain conveyances by way of gift were made to her by her foster parents in the name of her natural father. The contract on its face authorized complainant's foster parents to make her their heir, but contained no covenant binding them so to do. Held, that complainant was not entitled to recover the property of her foster parents as their heir.

Appeal from Washtenaw; Kinne, J. Submitted October 21, 1904. (Docket No. 73.) Decided November 9, 1904.

Bill by Stella May Bowins against Margaret English, individually and as administratrix of the estate of John G. English, deceased, and others, for the specific performance of a contract of adoption. From a decree dismissing the bill, complainant appeals. Affirmed.

The purpose of this bill is to enforce the specific performance of a contract by which it is claimed that the complainant is the heir at law of John G. English, deceased, and is the owner in fee of all his real estate, subject to his widow's right of dower. The contract reads as follows:

"Know all men by these presents, that I, Thomas Bunker, of the county of Jackson in the State of Michigan, being the sole surviving parent of an infant girl child named Parthena Jane Bunker now of the age of six months, said child being born on the 11th day of March, A. D. 1864.

" In consideration of the love and affection which I have and bear for the said infant child, and my desire to see her properly raised and educated, and also for divers other good causes and considerations, me, the said Thomas Bunker, hereunto moving, do by these presents give the said child, Parthena Jane, unto John G. English and Cordelia A. J. English, his wife, of the county of Washtenaw in the State aforesaid, and hereby authorize them and unite with them in changing the name of said child to Stella May English. The said John G. English and Cordelia A. J. English, his wife, hereby agreeing to take said child and adopt her as their own child under the name of Stella May English, to clothe, educate and care for her as their own child and entitled to her services until she becomes of the age of 21 years. The said Thomas Bunker hereby and by these presents committing the custody of the person of said child, Stella May English, unto the said John G. English and Cordelia A. J. English, his wife, fully and in all respects whatever, hereby relinquishing all claims and right to control said child as her father unto them, the said John G. and Cordelia A. J. English until said child arrives at the age of 21 years.

" And it is further mutually covenanted and agreed by and between the parties hereto that the said John G. English and wife may procure an act of the legislature of the State of Michigan, authorizing them to adopt said child as their own, in case the same may be deemed necessary to constitute her their heir. And the said John G. English and Cordelia A. J. English, his wife, hereby agree to clothe and educate the said Stella May English according to their condition and position in life."

Complainant was at the date of the contract a few months old. Mr. English and his wife had no children. Complainant was brought up by Mr. English and his wife, educated in school and in college, and in 1892 was married. After their marriage she and her husband continued to live on the farm. Mr. English lived with them until after the death of his first wife, and until he remarried.

Mrs. English, though mentioned in the body of the contract as a party, did not sign it. Before her death she deeded her land to her husband for 20 years, "after which time the said described premises to belong to and become the property of Stella May Bunker during the natural life of said Stella May Bunker." Shortly before Mr. English remarried he deeded to complainant 70 acres of land. In this deed she is named as Stella May Bunker. Mr. English also made a loan of $900, taking back a mortgage to complainant, in which she is named as Stella May Bunker. Mr. English died intestate January, 1902.

The case was heard upon pleadings and proofs, and the bill dismissed.

*A. J. Waters* (*A. J. Sawyer*, of counsel), for complainant.

*A. F. & F. M. Freeman*, for defendants.

GRANT, J. (*after stating the facts*). We held in *Albring* v. *Ward*, 137 Mich. 352, that heirship, except that based upon consanguinity, can be created only by a constitutional law.

If executed articles of adoption under a void law are not a sufficient basis to make one a legal heir and to constitute an agreement to convey land, certainly an agreement to adopt and to take steps, if necessary, to secure such adoption, cannot be made the basis of an agreement to convey land, and cannot be held to be sufficient to take the place of adoption under a constitutional law.

Mrs. English did not agree to adopt the child. Mr. English never did adopt her, and took no steps to that end.

Complainant knew, when a mere child, that she was not the daughter of her foster parents. All conveyances from her foster parents to her by gift named her as Stella May Bunker.

If complainant bases her right of action upon the written contract, then all statements made by Mr. and Mrs. English as to their feeling towards complainant and her relation toward them are incompetent evidence, because the writing is clear, and must speak for itself. Upon its face there is nothing in it which in law bound Mr. English to make the child his lawful heir, or to convey to her any property. It may have been the equivalent of an apprenticeship until she was 21 years of age. If so, Mr. English fully performed it by supporting, caring for, and educating her during the time specified. The case is ruled by *Albring* v. *Ward*, supra.

The decree is affirmed, with costs.

The other Justices concurred.